1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ROBYN HOLLOWAY, et al.,                      No.  2:12-cv-02120-MCE-CKD

12              Plaintiffs,

13        v.                                      **MEMORANDUM AND ORDER**

14   UNITED STATES OF AMERICA,

15              Defendant.

16

17        On August 14, 2012, Plaintiffs Robyn and Sterling Holloway (collectively

18   "Plaintiffs") brought a Complaint for personal injuries against Defendant United States of

19   America ("Defendant") pursuant to the Federal Tort Claims Act ("FTCA").  Compl., ECF

20   No. 1.  On January 17, 2014, Security National Insurance Company ("Security

21   National"), as subrogee of All Power, Inc. ("All Power"), moved to intervene.  ECF

22   Nos. 27, 28.  Plaintiffs filed a statement of non-opposition on January 27, 2014.  ECF

23   No. 29.  Defendant opposes Security National's motion to intervene on the grounds that

24   the Complaint in Intervention is barred by claim preclusion and the Court lacks subject

25   matter jurisdiction.  ECF No. 30.  For the following reasons, Security National's motion to

26   intervene is DENIED.[1]

27   _____

28        [1] Because oral argument will not be of material assistance, the Court ordered this matter
     submitted on the briefs.  E.D. Cal. Local R. 230(g)

1

2

## BACKGROUND[2]

3    Plaintiffs are employees of All Power, a contractor hired by the United States Air

4  Force to perform work on an electrical substation at Beale Air Force Base.  Plaintiffs filed

5  a Complaint against Defendant for negligence arising from injuries they sustained while

6  constructing a perimeter masonry wall at an electrical substation on the base.  At

7  approximately 8:30 a.m. on October 17, 2011, Robyn Holloway was bending rebar to

8  place in a masonry wall when electricity arced from the substation to the rebar, traveled

9  through his body and out his lower leg and ankle.  As a result, Robyn Holloway was

10  electrocuted and sustained serious personal injuries.  Sterling Holloway, Robyn's

11  brother, seeks damages for emotional distress.  Plaintiffs allege that the United States

12  was negligent in its duty to properly supervise and direct workers working in the

13  immediate vicinity of the electrical substation.  Plaintiffs submitted their claim for

14  damages and injury to the Department of the Air Force on February 15, 2012.  The Air

15  Force denied Plaintiffs' administrative claims on August 1, 2012.

16    Security National is an insurance company that had issued a workers'

17  compensation insurance policy to All Power.  After the incident described above, All

18  Power reported the injuries sustained by its employees to Security National, which paid

19  indemnity and medical benefits to or on behalf of both Plaintiffs.  As of April 1, 2013,

20  Security National had paid benefits to or on behalf of Robyn Holloway in the amount of

21  $74,133.83 for indemnity and $427,161.70 for medical expenses, and to or on behalf of

22  Sterling Holloway in the amount of $13,864.00 for indemnity and $906.67 for medical

23  expenses.

24    Although neither All Power nor Security National filed an administrative complaint

25  with the United States Air Force, Security National, as subrogee of All Power, brought a

26  separate negligence action against the United States and Does 1 through 10 seeking

27

28  [2] The facts are taken from Plaintiffs' Complaint, Aug. 14, 2014, ECF No. 1 and Security National's Motion to Intervene, Jan. 27, 2014. ECF No. 27.

reimbursement of workers' compensation benefits.  <u>See</u> Compl., 2:13-cv-01594-MCE-CKD.  The United States successfully moved to dismiss Security National's Complaint with prejudice for lack of subject matter jurisdiction on the grounds that Security National failed to exhaust its tort claims by not presenting an administrative claim to the United States Air Force as required by the Federal Tort Claims Act ("FTCA").  <u>See</u> Order, ECF No. 21, 2:13-cv-01594-MCE-CKD.  Security National appealed that decision.[3]

Security National now moves to intervene pursuant to Federal Rule of Civil Procedure 24[4] as a plaintiff in this action.  In its proposed Complaint-in-Intervention, Security National seeks to bring a single claim for reimbursement of workers' compensation benefits against the United States, the same claim alleged in its prior action.  <u>Compare</u> Complaint-in-Intervention, ECF No. 27-4 <u>with</u> Complaint, ECF No. 1, 2:13-cv-01594-MCE-CKD.  The United States contends that Security National is barred from intervening under the doctrine of claim preclusion and for lack of subject matter jurisdiction.  ECF No. 30.  The Court agrees that it lacks jurisdiction over Security National's claim and thus denies the current Motion.

**ANALYSIS**

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983).  Through the FTCA, Congress "waived the sovereign immunity of the United States for certain torts committed by federal employees."  <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 475 (1994).  The FTCA acts as a limited waiver of sovereign immunity and requires "that before [a party] can file an action against the United States in district court, [it] must seek an administrative resolution of [its] claim."  <u>Jerves v. United</u>

_____

[3] Security National's appeal is currently pending before the Ninth Circuit.  <u>See</u> Ninth Circuit Court of Appeals Docket No. 14-15479.

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

1  States, 966 F.2d 517, 518 (9th Cir. 1992).  The Ninth Circuit "[has] repeatedly held that

2  the exhaustion requirement is jurisdictional in nature and must be interpreted strictly."

3  Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).  Courts may not

4  "proceed in the absence of fulfillment of the conditions merely because dismissal would

5  visit a harsh result upon the plaintiff."  Id.  "With regard to the exhaustion requirement,

6  the Supreme Court has stated that 'in the long run, experience teaches that strict

7  adherence to the procedural requirements specified by the legislature is the best

8  guarantee of even-handed administration of the law.'"  Id. (citing McNeil v. United States,

9  508 U.S. 106, 113 (1993)).

10      Security National nonetheless contends that a party's right to intervene is

11  unrelated to the FTCA and that the FTCA does not bar a party's intervention under Rule

12  24.  See Reply, ECF No. 33 at 7.  According to Security National, its unconditional right

13  to intervene is outlined in the substantive law of California's Worker's Compensation Act.

14  Id.[5]  Thus, Security National argues that because it meets all of the procedural

15  requirements of Rule 24, the Court must permit it to intervene.  However, "Rule 24 does

16  not and cannot speak to" the problem of "whether, if the court has proper jurisdiction of

17  the original action, it may allow an intervenor to come in and present a claim . . .

18  although there would be no basis for federal jurisdiction if the intervenor were suing . . .

19  alone."  7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice &

20  Procedure § 1917 (3d ed. 2007).  Although "Rule 24 itself does not mention any

21  jurisdictional requisite . . . Rule 82 specifically provides that the Federal Rule of Civil

22  Procedure 'shall not be construed to extend or limit the jurisdiction of the United States

23  district courts.'"  Blake v. Pallan, 554 F.2d 947, 956 (9th Cir. 1977) (internal citations

24  omitted) (discussing the independent jurisdictional requirement for permissive

25  _____

26      [5] Security National goes on to argue that it has an unconditional right to intervene based on the
    substantive law of California arguing that "[t]he provisions of the [FTCA] provide specifically that California
27  state law is controlling to the extent the law is needed to determine the United States' substantive liability."
    ECF No. 33 at 7.  That argument misses its mark because for present purposes the substantive law
28  governing the claim is not at issue.  The Court is concerned instead with whether Security National has
    satisfied the procedural requirements of the FTCA.

1    intervention pursuant to Rule 24(b)).  This prohibition encompasses the "[enlargement

2    of] the jurisdiction of the federal district courts granted by a statute waiving sovereign

3    immunity" such as the FTCA.  Stanton v. United States, 434 F.2d 1273, 1277 (5th Cir.

4    1970); see also Isbrandtsen Co. v. S. S. Kokoh Maru, S. S. Kochu Maru, 263 F. Supp.

5    784, 786 (S.D.N.Y. 1966) (noting that where a suit could not have been originally

6    brought in federal court, "[i]ntervention should not be allowed to so expand federal

7    jurisdiction"); Ferd. Mulhens, Inc., v. Higgins, 55 F. Supp. 42, 44 (S.D.N.Y. 1943)

8    (stating that "the Rules of Civil Procedure cannot authorize the maintenance of suit

9    against the United States to which it has not otherwise consented [and] they cannot

10   authorize this court to enlarge its jurisdiction").

11          Instead, "[Rule 24] states under what circumstances intervention is proper as a

12   matter of procedure but intervention still must be denied, though all the requirements of

13   Rule 24 are met, if the federal court cannot take jurisdiction with regard to the

14   intervenor."  7C Federal Practice & Procedure § 1917.  Moreover, "when it is the United

15   States that is seeking to keep intervenors out . . .  the doctrine of sovereign immunity

16   'recognizes no distinction . . . between ancillary suits and original suits, but extends to

17   suits of every class.'"  Id. (citing Ill. Cent. R. Co. v. Pub. Utilities Comm'n of Ill., 245 U.S.

18   493, 505 (1918)).  Therefore, "in an action against the United States to which the United

19   States has consented, another person may intervene as a Plaintiff if the United States

20   has consented to be sued on that individual's claim also . . ."  Id.  Thus, even though

21   Plaintiffs appear to have satisfied the exhaustion requirements of the FTCA, because

22   Security National seeks to bring a single claim against the United States, "[a]bsent a

23   waiver, sovereign immunity shields the Federal Government and its agencies from suit."

24   F.D.I.C., 510 U.S. at 475 (internal citations omitted) ("Indeed, the terms of [the United

25   States'] consent to be sued in any court define that court's jurisdiction to entertain the

26   suit.").  As a result, even assuming that Security National meets the requirements of

27   intervention, the doctrine of sovereign immunity requires that Security National's Motion

28   to Intervene be denied if Security National failed to obtain the requisite consent.

1   As it did it its initial suit, Security National contends that Plaintiffs' administrative

2   claim satisfies its own exhaustion requirement.  Security National again relies on

3   Executive Jet Aviation, Inc. v. United States, 507 F.2d 508, 517 (6th Cir. 1974), for the

4   proposition that an insurer is permitted to stand in the shoes of its insured for purposes

5   of the FTCA exhaustion requirement.  Specifically, Security National points to the Sixth

6   Circuit's statement that "under general principles of subrogation, the subrogee stands in

7   the shoes of the subrogor."  Id.  However, for the reasons stated in this Court's previous

8   Order dismissing Security National's Complaint, ECF No. 21, 2:13-cv-01594-MCE-CKD,

9   the Court finds that Security National's reliance on Executive Jet is misplaced as it is

10  both factually distinguishable and its precedential viability is questionable.  As explained

11  in this Court's prior Order, Executive Jet allowed an insurer to stand in the shoes of its

12  insured who had filed an administrative claim.  Here, Security National is the insurer and

13  All Power is its insured.  Neither of them exhausted its administrative remedies.  Thus,

14  even assuming Executive Jet remains good law, it does not permit Security National's

15  claim to proceed.  Additionally, here, granting Security National's motion would extend

16  Executive Jet to allow an insurer to stand in the shoes of the beneficiary of its insured for

17  the purposes of the FTCA.[6]  Security National does not point to any authority allowing

18  such an expansion, and the Court does not find such expansion warranted.

19  Security National also argues that it may pursue its claim as an intervenor in this

20  case because "the claims presented by the [Plaintiffs] and [Security National] can be

21  jointly filed under the Federal Claims Act" and intervention is thus "permitted to

---

22  [6] There is some case law to support the idea that in the context of intervention "the consent of the
23  United States will be liberally construed to allow intervention" where one party in the action has already
     obtained such consent.  7C Federal Practice & Procedure § 1917 (citing Employers' Fire Ins. Co. v. United
24  States, 167 F.2d 655, 656 (9th Cir. 1948)).  In Employers' Fire Insurance Co., the Ninth Circuit broadly
     held that the FTCA does not bar intervention by subrogees of claimants properly before the Court.  In so
25  doing, that Court rejected the government's argument that the FTCA "must be strictly construed."  Id.
     However, in light of the Supreme Court's more recent admonition in McNeil, 508 U.S. at 113, to strictly
26  adhere to the FTCA's procedural requirements, it is questionable whether Employers' Fire Insurance Co.'s
     holding remains valid.  In any event, like the Sixth Circuit's holding in Executive Jet, Employers' Fire
27  Insurance Co. is inapposite here.  Security National is the insurer and All Power is its insured.  Security
     National seeks to intervene as subrogee of All Power, not as subrogee of the Plaintiffs, and neither
28  Security National nor All Power exhausted the required administrative remedies.

1   accomplish substitution . . . to the extent it has paid benefits, pursuant to Rule 25(c) of

2   the Federal Rules of Civil Procedure." ECF No. 33 at 5. According to Security National,

3   Rule 25 "provides for recognition of the transfer of interest of a portion of the [Plaintiffs']

4   claim for lost wages and medical expenses to [Security National]." Id. Thus, Security

5   National contends that because "joinder or substitution under Rule 25(c) does not

6   ordinarily alter the substantive rights of parties but is merely a procedural device

7   designed to facilitate the conduct of a case," this Court should permit its intervention.

8   ECF No. 33 at 6-7 (citing Fontana v. United Bonding Ins. Co., 468 F.2d 168, 169 (3rd

9   Cir. 1972).

10          However, allowing Security National to intervene under these facts would be at

11   odds with the purpose of the FTCA's administrative claim procedure which is "to

12   encourage administrative settlement of claims against the United States and thereby to

13   prevent an unnecessary burdening of the courts." Jerves v. United States, 966 F.2d

14   517, 520 (9th Cir. 1992). Although the FTCA allows for the joint filing of claims, Plaintiffs

15   and Security National did not file a joint claim and Robyn Holloway's administrative claim

16   makes no mention of Security National or of reimbursement to or payment by a third

17   party. See Exhibit B, ECF No. 33-2.[7] Moreover, not only is there no indication that

18   either Plaintiff included Security National as a claimant on their administrative claims,

19   there is no indication that the United States even knew of Security National's claim prior

20   to the filing of either this action or Security National's Complaint. As a result, "the

21   government had no reason to address the merits of [Security National's] claim or attempt

22   settlement" with Security National, defeating one of the primary purposes of the FTCA.

23   Cadwalder v. United States, 45 F.3d 297, 302 (9th Cir. 1995).[8] In light of the Supreme

24          [7] In fact, Plaintiff Robyn Holloway's FTCA claim form states "N/A" in response to all of the
25   insurance subrogation questions. See ECF No. 33-2 at 2. Security National presented no evidence that
     Sterling Holloway's claim incorporated a claim by Security National.

26          [8] Security National also points to California case law governing the doctrine of equitable
27   subrogation, and vaguely references its insurance policy, which it claims provides "a right to assert
     subrogation recovery rights against responsible third parties to recover the monies paid to or on behalf of
28   the [Plaintiffs]." ECF No. 27-1 at 4-5. While this may be true as a matter of substantive state law, Security
     National does not explain how either authority satisfies or overcomes the procedural requirements of the

1  Court's admonition to strictly adhere to the procedural requirements of the FTCA, this

2  Court declines to expand the United States' limited waiver of sovereign immunity in the

3  manner requested by Security National.  Therefore, because Security National, as

4  subrogee of All Power, failed to exhaust the required administrative remedies of the

5  FTCA, it may not proceed with its claim against the United States.[9]

6

7                                                    **CONCLUSION**

8

9         For the reasons just stated, Security National's Motion to Intervene, ECF Nos. 27-

10  28, is DENIED.

11         IT IS SO ORDERED.

12  Dated:  April 28, 2014

13

14

15  _____
    MORRISON C. ENGLAND, JR, CHIEF JUDGE

16  UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24  FTCA.  Absent authority expanding the United States' limited waiver of sovereign immunity permitting a
    claim under these facts, the Court must deny Security National's motion to intervene on this basis.  Cf.
25  United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 373 (1949) (noting that one of the purposes of the
    FTCA is "to make unnecessary the investigation of alleged assignments, and to enable the Government to
26  deal only with the original claimant").  In addition, to the extent that Security National relies on Rule 25 as
    the basis for intervention, as explained with respect to Rule 24, the Rules may not be interpreted to extend
27  this Court's jurisdiction.  See, e.g., Fed. R. Civ. P. 82.

28        [9] Because the Court is without jurisdiction to hear Security National's claim, it need not address
    the merits of Security National's Rule 24 argument or Defendant's claim preclusion argument.

                                                          8