UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBYN HOLLOWAY and STERLING HOLLOWAY,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | No. 2:12-cv-02120-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs filed suit under the Federal Tort Claims Act ("FTCA") alleging negligence by the government. Currently before the Court is Defendant United States of America's Motion for Summary Judgment (ECF No. 62).[1] For the following reasons, Defendant's Motion for Summary Judgment (ECF No. 62) is GRANTED in part and DENIED in part.[2]

///

///

///

---

[1] Defendant also brought a Motion to Exclude Plaintiffs' Construction Expert Jeffrey Hughes (ECF No. 81). Because the Court did not use Hughes's declaration to come to its decision on the Motion for Summary Judgment, Defendant's Motion to Exclude is DENIED as moot.

[2] Because oral argument would not have been of material assistance, the Court ordered both of these matters submitted on the briefs. E.D. Cal. Local Rule 230(g); ECF Nos. 82, 86.

1

**BACKGROUND**

Plaintiffs are two brothers who were working for an independent contractor, All Power, on an Air Force project to build a wall around an electrical substation that powers Beale Air Force Base. The Air Force decided not to de-energize the substation during construction. During a routine inspection, an Air Force Project Inspector instructed All Power's foreman to store rebar for the project within the fenced perimeter of the energized substation. The rebar had previously been kept in a nearby field. Plaintiff Robyn Holloway suffered electric shock after he bent a metal rod of rebar underneath the energized wires, resulting in arcing of high voltage electricity. His brother, Plaintiff Sterling Holloway, claims serious emotional distress from witnessing the event. In the instant action, both brothers brought suit against the United States.

**ANALYSIS**

The government argues that the Court lacks subject matter jurisdiction over this case because (1) the discretionary function exception to the FTCA applies; (2) the FTCA does not waive the sovereign immunity of the United States for acts or omissions by an independent contractor or the contractor's employees; and (3) under the FTCA, the government is only liable to same extent as a private individual and California law prohibits tort claims by employees of independent contractors against hirer.

First, Defendant argues that the discretionary function exception to the FTCA applies. Under the discretionary function exception, the United States is not liable for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Courts use a two-step analysis to determine whether the exception applies: (1) whether the act involves the element of judgment or choice; and (2) whether the

judgment is the kind that the discretionary function was designed to shield. United States v. Gaubert, 499 U.S. 315, 322 (1991). If both steps are met, the discretionary function exception applies, shielding the U.S. from liability and depriving the Court of subject matter jurisdiction. Id. at 323. The discretionary function applies regardless of whether the decision was negligent or an abuse of discretion. Terbush v. United States, 516 F.3d 1125, 1129 (9th Cir. 2008).

There are two decisions made by the Air Force that must be analyzed: the decision not to de-energize the substation and the decision to move the rebar. The substation powers the main part of the Beale Air Force Base. It is clear to the Court that deciding whether to de-energize the substation involves judgment and consideration of several factors, including political, national security and military issues. Moreover, Plaintiffs appear to concede as much. Therefore, the discretionary function applies to this decision, and the Court lacks subject matter jurisdiction to consider whether this decision was negligent.

The decision to move the rebar is more complicated. Plaintiffs' main argument is that this decision does not involve the element of judgment or choice because there were mandatory provisions that controlled construction work near energized distribution lines. While it is true that "[t]he discretionary element is not met where 'a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,'" Terbush, 516 F.3d at 1129, the Court does not find that there are any federal statutes, regulations, or policies that govern where the Air Force can instruct an independent contractor to store construction materials like rebar when work is being conducted beneath electrified lines. The regulations cited by Plaintiffs are either nonbinding on the Air Force, like the proffered California state Occupational Safety and Health Act ("OSHA") regulation, or do not pertain to this exact situation, like Federal OSHA regulation 29 C.F.R. § 1926.416 (which pertains to an employer's duties to prevent employees from working near an electric power circuit) and Air Force Instruction 32-1064 (which pertains to line work by Air Force employees on energized lines). "[A]bsent a

mandatory and specific policy dictating otherwise, we are left to assume that [a decision] is a discretionary function." Terbush, 516 F.3d at 1133.

However, that determination does not end the analysis. A decision can still fall outside the discretionary function exception if it is not the kind of decision the discretionary function was designed to shield. The discretionary function exception was designed to shield "only governmental actions and decisions based on consideration of public policy." Berkovitz v. United States, 486 U.S. 531, 536-37 (1988). Public policy has been understood by the Court to include decisions "grounded in social, economic, or political policy." United States v. Varig Airlines, 467 U.S. 797, 814 (1984). Government actions can be classified along a spectrum, ranging from those "totally divorced from the sphere of policy analysis," such as driving a car, to those "fully grounded in regulatory policy," such as the regulation and oversight of a bank. O'Toole v. United States, 295 F.3d 1029, 1035 (9th Cir. 2002). "The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." Gaubert, 499 U.S. at 325. However, the burden is on the government and "[t]here must be reasonable support in the record for a court to find, without imposing its own conjecture, that a decision was policy-based or susceptible to policy analysis." Marlys Bear Med. v. U.S. ex rel. Sec'y of Dep't of Interior, 241 F.3d 1208, 1216 (9th Cir. 2001).

In its Reply, the government argues that:

> The decision [to move the rebar] requires consideration of multiple factors, including but not limited to, whether moving the rebar into the B Street Substation perimeter and/or storing the rebar within the substation perimeter would require turning the power off at the substation; security considerations, including whether the rebar could be used to damage or interfere with the operation of the substation; safety considerations, including whether the storage location of the rebar created a hazard; the nature of the work to be undertaken using the rebar; the length of time in which the rebar would be stored within the substation perimeter; the effect of the rebar's storage location on the timely completion of the construction of the wall around the substation, including potential delay and increased cost; the effect of the rebar's storage location on the cleanliness, orderliness, and

4

>        appearance of Air Force premises; and the evaluation of other possible storage locations outside the substation perimeter for the rebar, including whether the storage location affected or interfered with the Air Force's use of the areas adjacent to the substation for military training and other training exercises.

Def.'s Reply, ECF No. 80, at 7.

These reasons read like "ex post rationalizations" and do not show that the decision was susceptible to policy analysis. Marlys Bear Med., 241 F.3d at 1216. "It is not sufficient for the government merely to waive the flag of policy as a cover for anything and everything it does that is discretionary in nature." Terbush, 516 F.3d at 1134. If the Court were to allow such an approach, rationalizations like this would swallow the second prong of the discretionary function test. Id. at 1135.

Additionally, the Court finds that the decision to store the rebar under the electrified lines was a judgment concerning safety. "[M]atters of scientific and professional judgment—particularly judgments concerning safety—are rarely considered to be susceptible to social, economic, or political policy." Whisnant v. United States, 400 F.3d 1177, 1181 (9th Cir. 2005). "[O]nce the Government has undertaken responsibility for the safety of a project, the execution of that responsibility is not subject to the discretionary function exception." Marlys Bear Med., 241 F.3d at 1212, 1214, 1215, 1217 (holding that the government's authorization of a contract was protected under the discretionary function exception, but the government's failure to monitor and ensure safety at the work site was not); see also Kennewick Irrigation Dist. v. United States, 880 F.2d 1018, 1027-28, 1031 (9th Cir. 1989) (holding that the government's decision not to line a canal with concrete was susceptible to policy analysis, but the failure to remove unsuitable materials during construction was not).

The Air Force retained the right to conduct safety inspections of the site, and it was the Construction Inspector who told All Power's foreman to move the rebar under the electrified lines. Unlike the original decision not to de-energize the substation, this

///

"judgment concerning safety" is not protected by the discretionary function exception. See Whisnant, 400 F.3d at 1181.

Second, Defendant argues the FTCA does not waive the sovereign immunity of the United States for acts or omissions by an independent contractor or the contractor's employees' acts or omissions. The FTCA provides a limited waiver of sovereign immunity for claims arising out of: "the negligent or wrongful act or omission <u>of any employee of the government</u> while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (emphasis added). The negligence of a contractor cannot be imputed to the government absent a showing that the government controlled and supervised the "detailed physical performance" and "day-to-day operations" of the contractor. Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005). Defendant argues that the Air Force did not supervise All Power employees or subcontractors, as the Air Force was not involved in selecting, hiring, disciplining, or firing All Power's employees or subcontractors, nor did it provide any tools, uniforms or equipment.

However, the remaining issue in this case does not concern the actions of All Power, but the actions of the Construction Inspector, an Air Force employee, who ordered the rebar moved. While the government responds that Plaintiffs are currently seeking additional workers' compensation benefits on the basis of All Power's negligence, that fact is not dispositive. Both the Air Force and All Power can be negligent—the Air Force for ordering the rebar moved and All Power for having its employees bend the rebar under the electrified power lines. The issue in this case is whether the actions of the Air Force were negligent. The fact that an independent contractor may have been negligent as well does not prevent the Court from considering Plaintiffs' claims under the FTCA.

Finally, Defendant argues that under the FTCA, the government is only liable to same extent as a private individual, and California law prohibits tort claim by employees

of independent contractors against the hirer.  See Seabright Ins. Co. v. U.S. Airways, Inc., 52 Cal. 4th 590, 594 ("when employees of independent contractors are injured in the workplace, they cannot sue the party that hired the contractor to do the work"). "California permits a principal to delegate its duty to provide a reasonably safe work place to its contractor's employees, even where 'peculiar risks' are involved, and to rely on the state workers' compensation system to make the worker whole."  Yanez v. United States, 63 F.3d 870, 873 (9th Cir. 1995).  The hirer cannot be liable "merely because [it] retained the ability to exercise control over safety at the worksite."  Hooker v. Dep't of Trans., 27 Cal. 4th 198, 210 (2002).  However, the hirer can be liable if it "exercised the control that was retained in a manner that affirmatively contributed to the injury of the contractor's employee."  Id.

Here, the Air Force's Construction Inspector had the ability to stop any unsafe conduct witnessed during the inspections.  In fact, an Air Force Construction Inspector had previously ordered All Power's employees to wear hard hats on the site.  Giorgi Dep., ECF No. 75-13, at 33:7-18.  Therefore, the Court finds that the Air Force retained the ability to exercise control over safety at the worksite through its Construction Inspector.  Furthermore, the injury occurred due to this exercise of control because the Construction Inspector's decision to move the rebar affirmatively contributed to the injury of the Plaintiffs.  Thus, a private individual could be liable in this situation under California law and this final defense must also fail.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (ECF No. 62) is GRANTED as to Defendant's decision not to de-energize the substation, but DENIED as to Defendant's decision to move the rebar under the electrified lines.

///

///

1       Defendant's Motion to Exclude Plaintiffs' Construction Expert's declaration (ECF No. 81) is DENIED as moot.  The Court will decide the admissibility of the expert's trial testimony at trial.  Therefore, with regard to the trial testimony the Motion is DENIED as premature.

      IT IS SO ORDERED.

Dated:  May 8, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT